**Thomas Venton REYNOLDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–84–00029–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 27, 1988.

Catherine Greene Burnett, Morrow & Burnett, Houton, for appellant.

John B. Holmes, Dist. Atty., Harris County, Don Clemmer, and William J. Demore, III, Asst. Dist. Attys., for the State.

Before DUGGAN, LEVY and WARREN, JJ.

OPINION ON REMAND

WARREN, Justice.

This is an appeal from a conviction for kidnapping. Trial was before the court, which assessed punishment at six years confinement. This Court affirmed the conviction in *Reynolds v. State,* 679 S.W.2d

715 (Tex.App.—Houston [1st Dist.] 1984). On appellant's first petition for discretionary review, the Court of Criminal Appeals held that the indictment did not provide appellant with requisite notice as to the method of restraint and remanded the case to this Court for a determination of whether the appellant was harmed by the trial court's overruling of his motion to quash under *Adams v. State,* 707 S.W.2d 900 (Tex.Crim.App.1986). *Reynolds v. State,* 723 S.W.2d 685 (Tex.Crim.App.1986). On remand to this Court, we affirmed the conviction in an unpublished opinion, holding that appellant was not harmed by the defective indictment. *Reynolds v. State,* No. 01–84–00029–CR (Tex.App.—Houston [1st Dist.], May 28, 1987) [available on WEST-LAW, 1987 WL 11576].

On appellant's second petition for discretionary review, the Court of Criminal Appeals, in an unpublished opinion, remanded the cause and directed that the appellant be given an opportunity to demonstrate harm in an evidentiary hearing in the trial court. *Reynolds v. State,* No. 0770–87 (Tex.Crim.App., Feb. 3, 1988). On remand, we abated the cause to the trial court with directions to conduct an evidentiary hearing on whether appellant had been harmed under *Adams.*

The trial court conducted the hearing as directed and forwarded the statement of facts to this Court. We now review the statement of facts from that hearing in light of the standard of harm provided in *Adams.*

In its first opinion in this case, the Court of Criminal Appeals determined that the indictment in this case was defective because it failed to adequately apprise the appellant of whether he was to be tried for "abducting" the victim in one of the two ways provided for in Tex.Penal Code Ann. sec. 20.01(1) (Vernon 1974): "restraining" her by either "moving [her] from one place to another *or* by confining [her]." *Reynolds v. State,* 723 S.W.2d at 686 (emphasis added).

The deficiency in the indictment was that it failed to give adequate notice about which definition of "restraint" the State would rely upon. Specifically, it failed to provide notice of whether the State would attempt to prove restraint by confinement or by movement.

Because the indictment failed to convey sufficient notice, the next step under the standard of review established in *Adams* is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and finally, how great an impact. *Adams* at 903.

In our first opinion on remand, we noted that appellant's defense consisted mainly of efforts to diminish the credibility of the complaining witness by emphasizing her former occupation as a topless dancer. *Reynolds v. State,* No. 01–84–00029–CR (Tex.App.—Houston [1st Dist.], May 28, 1987). There was nothing in the record before us on the first remand of this case to suggest that the indictment had an impact on the defendant's ability to prepare a defense.

The sole question presented on this remand is whether, in light of the opportunity to develop an adequate record through an evidentiary hearing in the trial court, the appellant is now able to demonstrate that the indictment had an impact on his ability to prepare a defense.

Appellant's sole witness at the evidentiary hearing was his court-appointed trial counsel, Charles Baird. On direct examination, Baird testified as follows:

The defense strategy was that the Defendant was alleged to have kidnapped this lady on or about the 17th day of June of 1983. Our defense was that she was not kidnapped, that she left the bar voluntarily with my client, and I had witnesses to support that. That was basically our defense, that he was not guilty of the offense of aggravated kidnapping or any other offense, but if he was guilty of any offense, it would have been false imprisonment because there was no force used to take her.

Appellant's defensive strategy therefore had nothing to do with whether the State intended to prove restraint by confinement or by movement. The appellant's strategy

at trial was to dispute the use of force by the appellant and to attempt to convince the court that, in the absence of force, the appellant was guilty, if at all, of a lesser-included offense.

Thus, on direct examination of Baird, the following question was asked and answer given:

Q: So basically, you were trying to defend against a lesser-included offense?

A: That's right. Our obvious hope, Ms. Burnett, was that my client would be found not guilty, and the second one was that if he was guilty, he was only guilty of the lesser-included offense of false imprisonment, which is a misdemeanor.

Because the appellant's defense at trial had nothing to do with which definition of restraint the State intended to rely upon, the deficiency had no impact on the appellant's ability to prepare a defense. *See Adams* at 904 (although indictment failed to provide adequate notice of which of two films State alleged was obscene, indictment had no impact on his ability to prepare his defense where defendant simply argued that both films were not obscene).

The judgment is affirmed.