Babaturde Rasheed OLUREBI, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00685–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 12, 1994.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Linda A. West, Harris County, for appellee.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and MIRABAL, JJ.

**OPINION ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS**

HUTSON–DUNN, Justice.

Appellant was convicted of credit card abuse, and the trial court determined punishment at 10–years probation and a $2,000 fine. This Court affirmed that conviction with one justice dissenting. *Olurebi v. State,* 818 S.W.2d 851, 852 (Tex.App.—Houston [1st Dist.] 1991) *rev'd, Olurebi v. State,* 870 S.W.2d 58 (Tex.Crim.App.1994).

In his petition for discretionary review to the Court of Criminal Appeals, appellant argued that this Court erred in holding the trial court properly overruled his motion to quash the indictment for failure to define the term "fictitious credit card." *Olurebi,* 870 S.W.2d at 61. He argued that without this definition, he lacked sufficient notice as to the offense charged. *Id.* The Court of Criminal Appeals reversed and remanded to this Court, finding that the trial court erred by overruling the motion to quash. *Id.* at 62. Agreeing with both the majority and dissent in this Court, they found that the indictment was ambiguous because the term "fictitious credit card" was susceptible to two meanings, i.e., a card that was not issued by the owner of the card (Chevron), as Justice Bass stated in his dissent, or a card issued to a nonexistent cardholder, as the majority found. *Id.* at 62. Therefore, the court remanded to this Court for a determination under *Adams v. State,* 707 S.W.2d 900, 903 (Tex.Crim.App. 1986), "whether the error impacted appellant's ability to prepare a defense, and if so, to what extent." *Id.* Under *Adams,* we are to review the record to make this determination. *Adams,* 707 S.W.2d at 903.

The record reveals that the case was prosecuted and defended under the assumption that fictitious credit card meant a card issued to a nonexistent card holder. Chevron's investigator, Jim Barnes, testified that Chevron issued the card to Wale Lawson. All of his testimony went to the falsifications on the credit card application and his investigation, which led him to appellant. Barnes never claimed that the card was not issued by Chevron.

Appellant's case revolved around proving that there was a real person named Wale Lawson who previously lived with him and allowed him to borrow the credit card. Appellant never presented evidence that the card was owned by Chevron, nor did they question this fact.

The State's case rested on the theory that appellant used a card belonging to a fictitious person in order to obtain property and services. Appellant presented a defense that tried to show that the card was not issued to a fictitious person. During trial, no one disagreed that Chevron had issued the card.

Therefore, we find that the trial court's error in failing to quash the indictment, because it was ambiguous, had no impact on appellant's ability to present his defense. *Olurebi,* 870 S.W.2d at 62.

We affirm the judgment.