# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00495-CR

**Almer Lee Colbert, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. 9024073, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Almer Lee Colbert guilty of theft, third offense. Tex. Pen. Code Ann. ' 31.03(e)(4)(D) (West 2003). After finding that he had previously been convicted of two felonies other than theft, the jury assessed Colbert=s punishment at imprisonment for five years. *Id*. ' 12.42(a)(2).

Colbert's court-appointed counsel filed briefs concluding that the appeal is frivolous and without merit.[1] Considered together, the briefs meet the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no meritorious grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974);

---

[1] The Court determined that the first brief did not fully comply with the standards applicable to frivolous appeal briefs and ordered counsel to rebrief.

*Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Colbert was given an opportunity to examine the appellate record and he filed a pro se brief.

The first arguable point of error raised by counsel is that Colbert=s trial counsel was ineffective because he did not object to appellant being tried while wearing jail clothing, and because he told the jury in his opening statement at the guilt stage that Colbert has Aan extensive criminal record.@ The record reflects, however, that Colbert refused to wear civilian clothing and insisted on wearing the jail uniform. As for the reference to Colbert=s criminal record, counsel knew that his client intended to testify and that his record, which *is* extensive, would become known to the jury. On this record, we find no basis for concluding that counsel=s performance was not constitutionally sufficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

Colbert also complains of ineffective assistance of counsel in his pro se brief. His factual allegations, however, are not supported by the record before us. Supplemental pro se points of error two and three are overruled.

The second arguable point raised by counsel, which is also raised in the pro se brief, is that Colbert did not receive all the jail time credit to which he is entitled. The appellate record is not adequate to determine the accuracy of this allegation. This is an issue that should be raised in a post-conviction habeas corpus proceeding so that a proper record can be made. The second arguable point of error and supplemental pro se point of error eight are overruled.

**2**

In his first pro se point of error, Colbert complains that penal code section 31.03 is vague because it Acovers a various range of punishments.@ While it is true that thefts vary in seriousness depending on the circumstances of each case, this does not make the statute vague. Pro se point of error one is overruled.

In supplemental pro se points of error four and seven, Colbert asserts that the two eyewitnesses who testified against him committed perjury because there were conflicts in their testimony. The conflicts to which Colbert refers do not demonstrate that either or both of the witnesses deliberately lied under oath. The credibility of the witnesses was for the jury to determine. These points of error are overruled.

Next, Colbert contends the indictment did not adequately describe the property stolen. *See* Tex. Code Crim. Proc. Ann. art. 21.09 (West 1989). The indictment described the stolen property as Abags and a lamp@ and named the owner. Although these items could have been described with greater precision, Colbert does not allege and we find no basis for concluding that the defense was prejudiced by the overruling of the motion to quash. *See Adams v. State*, 707 S.W.2d 900, 903-04 (Tex. Crim. App. 1986); Tex. R. App. P. 44.2(b). Supplemental pro se point of error five is overruled.

Colbert also complains that the indictment was defective because it did not allege the dates on which the previous convictions were committed, so as to demonstrate that the more recent conviction was for an offense committed after the earlier conviction became final. It was not necessary to allege these details in the indictment. Colbert does not contend that the necessary sequence of convictions was not proved at trial. Pro se point of error eight is overruled.

In supplemental pro se point of error six, Colbert states that he was entitled to inspect the State=s witnesses= statements. He does not refer us to any portion of the record that indicates that the defense was not given that opportunity. The point of error presents nothing for review.

Having reviewed counsel=s briefs and the pro se brief, we find nothing in the record that might arguably support the appeal. Counsel=s motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: April 10, 2003

Do Not Publish4

**4**