# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00495-CR

**Almer Lee Colbert, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. 9024073, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Almer Lee Colbert guilty of theft, third offense. Tex. Pen. Code Ann. § 31.03(e)(4)(D) (West 2003). After finding that he had previously been convicted of two felonies other than theft, the jury assessed Colbert's punishment at imprisonment for five years. *Id*. § 12.42(a)(2).

Colbert's court-appointed counsel filed briefs concluding that the appeal is frivolous and without merit.[1] Considered together, the briefs meet the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*,

---

[1] The Court determined that the first brief did not fully comply with the standards applicable to frivolous appeal briefs and ordered counsel to rebrief.

485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). In addition, Colbert exercised his right to examine the record and filed a pro se brief.

The second arguable point raised by counsel, which is also raised in Colbert's pro se brief, is that Colbert did not receive all the jail time credit to which he is entitled. The evidence reflects that Colbert was arrested on the day of the offense, June 26, 2001. The docket sheet contains the trial court's notation that Colbert was to be credited for jail time beginning June 26, 2001, through July 10, 2002, the date sentence was imposed. The written judgment, however, states that the time credited is June 26, 2002, through July 10, 2002. This is clearly a typographical error. We will therefore modify the judgment of conviction to accurately reflect the jail time credit to which appellant was deemed entitled by the court. To that extent, the second arguable point of error and pro se point of error eleven are sustained.

The first arguable point of error raised by counsel is that Colbert's trial counsel was ineffective because he did not object to appellant being tried while wearing jail clothing, and because he told the jury in his opening statement at the guilt stage that Colbert has "an extensive criminal record." The record reflects, however, that Colbert refused to wear civilian clothing and insisted on wearing the jail uniform. As for the reference to Colbert's criminal record, counsel knew that his client intended to testify and that his record, which *is* extensive, would become known to the jury. On this record, we find no basis for concluding that counsel's performance was not constitutionally sufficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

Colbert also complains of ineffective assistance of counsel in his pro se brief. He makes many factual allegations, among them that his attorney failed to investigate the facts of the case, failed to obtain rulings on motions, failed to call available witnesses, and made misleading statements and promises to Colbert. These allegations are not supported by the record before us. Pro se points of error one and nine are overruled.

In his third pro se point, Colbert contends the evidence is legally and factually insufficient to sustain the conviction. This contention, and several others in the pro se brief, rests on what Colbert believes is an inconsistency between the evidence at his trial and the "affidavit for warrant of arrest and detention" prepared by the arresting officer and filed in the municipal court following Colbert's arrest.[2] Colbert was arrested in a shopping mall after he was observed shoplifting in a card and gift store. In the affidavit, Officer Randy Dear described the property stolen as two "black 'old fart' bags," one "red/orange bag," and one "blue lamp." A photograph of these items was introduced at trial as State's exhibit one. As appellant repeatedly points out in his pro se brief, the two black bags shown in the photograph do not have the words "old fart" printed on them, but instead have the words "old bag." He also points out that store employees described the other property taken as a "birthday bag" and a blue "oil burner." From all this, appellant concludes that

---

[2] This affidavit is not in the official appellate record, but a copy is attached to the pro se brief. We have considered it in the interest of justice.

3

the various witnesses perjured themselves and that he was convicted of a crime for which he was not arrested or guilty.[3]

A reading of the testimony explains the discrepancies that trouble Colbert. The blue lamp burns oil, and thus can accurately be described as either a "lamp" or an "oil burner." The "red/orange bag" has the words "Happy Birthday" on the side, and thus is also a "birthday bag." And in his trial testimony, the officer acknowledged that he had erroneously described the words on the black bags as reading "old fart" instead of "old bag." Two employees of the card and gift store who witnessed the thefts identified the items shown in State's exhibit one as the property stolen by Colbert. This testimony is both legally and factually sufficient to sustain the conviction. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (standard of review for legal sufficiency); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (standard of review for factual sufficiency). Pro se point of error three is overruled. We also overrule pro se point of error thirteen, in which Colbert urges that the arresting officer filed a false report, and pro se point of error fourteen, in which he contends the State knowingly used perjured testimony.

Colbert also asserts that State's exhibit one should have been suppressed. He does not state the reason, however. Pro se point of error four is overruled.

---

[3] Colbert also refers us to the officer's testimony during cross-examination, when he was questioned about entries in his offense report. Colbert had at least one other bag in his possession when arrested. When asked if he could describe this bag in more detail, the officer replied that it was "just a plain old vanilla bag." Unlike Colbert, we do not take this to mean that it was a "vanilla bag," but only that it was unremarkable in appearance. In any event, there was no testimony that this bag was among the items Colbert was accused of stealing. Under the circumstances, the absence of a "vanilla bag" in State's exhibit one is of no consequence.

Next, Colbert contends the indictment did not adequately describe the property stolen. *See* Tex. Code Crim. Proc. Ann. art. 21.09 (West 1989). The indictment described the stolen property as "bags and a lamp" and named the owner. Although these items could have been described with greater precision, we find no basis for concluding that the defense was prejudiced by the overruling of the motion to quash. *See Adams v. State*, 707 S.W.2d 900, 903-04 (Tex. Crim. App. 1986); Tex. R. App. P. 44.2(b). Pro se point of error five is overruled.

In pro se point of error six, Colbert states that the defense was not given timely discovery of the exhibits and witness statements. He does not refer us to any portion of the record that supports this allegation. The point of error is overruled.

Colbert also complains that his right to compulsory process was violated when the trial court failed to act on his pro se subpoena requests. He does not name the witnesses he wanted to call or demonstrate that their testimony was critical to the case. In any event, the court was within its discretion to require Colbert to act only through counsel. Pro se point of error two is overruled.

Colbert asserts that there were no African-Americans on the jury. There is no evidence in the record to support this assertion. In any event, he does not claim that this was the result of deliberate discrimination. Pro se point of error ten is overruled.

In pro se point of error seven, Colbert complains that the prosecutor, while cross-examining him about his criminal record, asked if he had been convicted of certain offenses which the State did not otherwise prove. Colbert denied these convictions. There is no basis in the record for concluding that the questions were asked in bad faith. In any event, the State offered

documentary evidence detailing Colbert's long and varied criminal record. Any error was harmless. Tex. R. App. P. 44.2(b). The point of error is overruled.

In his first pro se point of error twelve,[4] Colbert asserts that the two previous theft convictions alleged pursuant to penal code section 31.03(e)(4)(D) were fundamentally defective. Documents reflecting these convictions, Travis County cause numbers 408903 and 421025, were introduced as State's exhibits four and five. At one point during the trial, the prosecutor omitted one digit when referring to the first of these cause numbers. Contrary to Colbert's contention, this does not render the conviction void. In exhibit five, a number hand written on the complaint does not correspond to the cause number. Once again, no fundamental defect is shown. This point of error is overruled.

In the second pro se point of error twelve, Colbert contends that the two felony convictions used to enhance his punishment pursuant to section 12.42(a)(2) were fundamentally defective, as was a third felony conviction proved by the State at the punishment stage. Colbert contends that the first of the enhancement convictions, Galveston County cause number 33357 (evidenced by State's exhibit nine), was fundamentally defective because he was not guilty in that case. He bases this claim on factual allegations that are not supported by the record before us. He asserts that the second enhancement conviction, Galveston County cause number 31587 (State's exhibit ten), was based on a defective indictment. The indictment is not in the record and therefore this contention is without support. Finally, Colbert argues that another felony conviction proved at

---

[4] The pro se brief contains two points of error numbered twelve.

6

the punishment stage, Harris County cause number 557512 (State's exhibit six), was for an offense that was only a misdemeanor. Cause number 557512 was a conviction for third offense theft. In March 1990, when the offense was committed, it was a third-degree felony. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 245, § 1, 1989 Tex. Gen. Laws 1161 (Tex. Pen. Code Ann. § 31.03(e)(4)(E), since amended). The second pro se point of error twelve is overruled.

In pro se point of error eight, Colbert complains that the instructions regarding the law of parole included in the jury charge at the punishment stage were erroneous. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(c) (West Supp. 2003). This statutorily mandated instruction states that the defendant may earn time off the period of incarceration through the award of good conduct time or parole. Colbert points out that for persons convicted on or after September 1, 1996, the parole board has the discretion to deny mandatory supervision and to require the prisoner to serve all of his sentence.[5] *See* Tex. Gov't Code Ann. § 508.149(b) (West Supp. 2003). The existence of this discretion does not mean that the statutory instruction is incorrect. The jury was told that Colbert might be awarded parole, not that he would be. The jury was also told that the application of the parole laws to Colbert depended on future decisions by the parole board and therefore could not be accurately predicted. The jury charge was correct. Pro se point of error eight is overruled.

Finally, Colbert contends his conviction is void because the prosecution was dismissed on the day sentence was imposed. Colbert was originally indicted in Travis County cause number 9014231. He was later reindicted in cause number 9024073. After he was convicted in the

---

[5] Colbert has attached to his brief copies of documents indicating that the parole board has decided not to release him to mandatory supervision or parole.

7

latter cause, the original indictment was dismissed on the State's motion. Contrary to Colbert's contention, the dismissal of the original indictment had no effect on his conviction under the new indictment. Pro se point of error fifteen is overruled.

Having reviewed counsel's briefs and the pro se brief, we find no reversible error. The judgment of conviction is modified to state that Colbert is given jail time credit from June 26, 2001, through July 10, 2002. As modified, the judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Modified and, as Modified, Affirmed

Filed:   September 11, 2003

Do Not Publish