

## NUMBER 13-13-00127-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**LUIS FELIPE LOSOYA GARZA,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

**On appeal from the 389th District Court
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Longoria
Memorandum Opinion by Justice Benavides**

By one issue, appellant Luis Felipe Losoya Garza argues that the trial court erred

in overruling his motion to quash and dismiss the indictment, which he contends failed to

provide him adequate notice of the charges against him.    We affirm.

## I.  BACKGROUND

The State alleged that Garza, while racing his Dodge pickup truck on a public roadway, caused the death of another man, Julio Cesar Lacayo.   Garza was charged on three different counts arising from this accident.   Count One, for manslaughter, alleged that Garza:

> did then and there recklessly cause the death of Julio Cesar Lacayo, by operating a motor vehicle on a public roadway at a speed greater than what was reasonable and prudent under the circumstances then existing, and by failing to control the speed of the vehicle he was operating, and did thereby cause the motor vehicle he was operating to st[r]ike[1] Julio Cesar Lacayo, a pedestrian on said roadway, causing the death of Julio Cesar Lacayo.

*See* TEX. PEN. CODE ANN. § 19.04 (West 2011).   The State later dismissed Counts 2 (Racing on a Highway) and 3 (Tampering With or Fabricating Physical Evidence).   *See* TEX. TRANSP. CODE ANN. § 545.420(1)(a), (b) (West 2011); TEX. PENAL CODE ANN. § 37.09 (West Supp. 2011).

Before trial, Garza filed a motion to quash and dismiss the indictment.   In this motion, Garza argued that Count One was "vague and indefinite" and failed to provide him with notice of the charges against him.   The motion also asserted that the count tracked the statutory language of negligent homicide, a state jail felony, which is a felony of a lesser degree than manslaughter.   See TEX. PENAL CODE ANN. § 19.05 (West 2011).   At a pre-trial hearing, the trial court noted that the indictment tracked the language of section 19.04 of the penal code, but also added additional language.   The court stated, "Does it track the statute under 19[.]04?   Yes, it does.   Does it add extra stuff?   Yes.   It just makes their [the State's] job harder."   In other words, the court

---

[1]   The original indictment misspelled the word "strike" as "stike."   The State filed a motion for leave to amend the indictment to correct this misspelling, which the trial court granted.

2

pointed out that the additional language made the State's case more difficult because it added more elements to prove beyond a reasonable doubt. The trial court then denied Garza's motion to dismiss the indictment, finding that it gave Garza sufficient notice of the charges against him.

The jury ultimately convicted Garza of manslaughter, and the trial court sentenced him to fifteen years of incarceration. Garza appealed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

The Texas Constitution gives a defendant "the right to demand the nature and cause of the accusation against him." TEX. CONST. art. I, § 10. "The purpose of an indictment is to give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment." *Lehman v. State*, 792 S.W.2d 82, 84 (Tex. Crim. App. 1990) (quoting TEX. CODE CRIM. PROC. ANN. art. 21.11) (West 2009) (internal quotations omitted). The Texas Court of Criminal Appeals has held the following with regard to the adequacy of indictments:

> The important question is whether a defendant had notice adequate to prepare his defense. The first step in answering this question, but only the first step, is to decide whether the charging instrument failed to convey some requisite item of "notice." The next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact.

*Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986). "An indictment which tracks the language and terms of the statute is ordinarily sufficient." *Daniels v. State*, 754 S.W.2d 214, 218 (Tex. Crim. App. 1988). Texas Penal Code section 19.04 provides that, "A person commits an offense if he recklessly causes the death of an individual." TEX. PENAL CODE ANN. § 19.04.

3

We review a trial court's ruling on a motion to quash under an abuse of discretion standard. *See Goldsberry v. State,* 14 S.W.3d 770, 772 (Tex. App.—Houston [1st Dist.] 2000, pet ref'd.). A motion to quash an indictment should generally be granted where the language in the indictment is "so vague or indefinite as to deny the defendant effective notice of the acts allegedly committed." *Daniels,* 754 S.W.2d at 217.

### III. ANALYSIS

Count One of the indictment provided that Garza "recklessly cause[d] the death of Julio Cesar Lacayo." This statement directly tracks the language of the Texas manslaughter statute that "a person commits an offense if he recklessly causes the death of an individual." TEX. PENAL CODE ANN. § 19.04; *see Daniels*, 754 S.W.2d at 218. While Garza is correct in pointing out that the State added additional language, the extra wording did not deprive him of adequate notice to prepare his defense. *See Adams*, 707 S.W.2d at 903. It is evident from the language of the indictment that the State was accusing Garza of driving his vehicle recklessly, causing Lacayo's death. The addition of the extra language, as the trial court correctly pointed out, only increased the State's burden of proof. *See* TEX. PENAL CODE ANN. § 2.02 (West 2011) (providing that "no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt").

We conclude that Garza had notice of the crime the State alleged he committed. *See* TEX. CONST. art. I, § 10. Because the trial court did not abuse its discretion when it denied Garza's motion to quash the indictment, we overrule his sole issue.

## IV. Conclusion

Having overruled Garza's only issue, we affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
8th day of August, 2013.