

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-20-00059-CR

Marcelino **ESTRADA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 17-09-0519-CRA
Honorable Russell Wilson, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:      Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: June 30, 2021

AFFIRMED

A jury convicted Marcelino Estrada of manslaughter. In a single issue on appeal, Estrada asserts that the trial court erred in denying his motion to quash the indictment because the indictment insufficiently describes with reasonable certainty the acts or circumstances demonstrating that Estrada committed his conduct recklessly. We affirm.

## BACKGROUND

Estrada's conviction stems from events on the night of October 29, 2016. After a work party, decedent Stephen Willey—along with his wife and colleagues—continued celebrating at

Texas South Dance Hall, a bar located near their hotel. Texas South Dance Hall was owned by Gary Hernandez. Hernandez, his brother, and his nephew were playing pool at one of two pool tables. A second group, including Willey, were playing at the other pool table. Shortly before midnight, an argument arose over the use of the pool tables.

When the argument began, Francisco "Frank" Aranda, Estrada, and Estrada's brother—Ricardo Contreras—were drinking at the bar. The three previously worked for Hernandez as informal bouncers but were only customers that night. As the argument continued, Hernandez, Aranda, and Contreras confronted Willey. It is unclear who initiated the physical confrontation, but Estrada later admitted to law enforcement that as soon as shoving started, either Contreras, Estrada, or all three of the ex-bouncers tackled Willey to the ground. During the ensuing struggle, Willey was pinned face-down. Multiple witnesses testified that Estrada initially placed Willey in a chokehold. Estrada restrained Willey using his bodyweight on Willey's head and back, placing one of his arms underneath Willey and his other arm either in a bearhug or on Willey's back. While pinning Willey, Estrada either faced opposite or perpendicular to Willey. Meanwhile, Contreras pinned Willey's mid area, and Aranda held Willey's feet for a brief time before getting up to control the crowd. One or two minutes after Willey was pinned to the ground, Hernandez exited the bar and called 911. During the next several minutes, multiple witnesses told Estrada that Willey could not breathe. One witness saw Willey "tap out" by tapping his hand to indicate he was giving up the fight.

Officer Trevino (Trevino) arrived at the scene approximately five minutes after dispatch received a call and discovered Willey non-responsive. Trevino described Willey as bleeding from his right ear, both nostrils, and mouth. Willey's face was colored an off shade of purple and blue with ruptured vessels. Concerned Willey was choked, Trevino immediately began administering chest compressions and called for EMS support. EMS assumed Willey's care after arriving. Willey

was transported to the hospital where approximately eighteen hours later he died from the injuries he sustained.

Willey's autopsy showed that Estrada applied sustained pressure to Willey's neck, evidenced by multiple groups of hemorrhages and bruising on his neck, which typically indicate strangulation or neck compression. Willey's autopsy also indicated that he had been deprived of oxygen for at least three-and-a-half minutes—the time necessary for brain death—and that he would have been unable to struggle within the first fifteen to thirty seconds of oxygen deprivation.

On September 15, 2017, Estrada was indicted for manslaughter; the indictment stated:

> IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS, the Grand Jury, duly selected, organized, sworn and impaneled as such for the County of Atascosa, State of Texas, at the July, A.D., 2017, Term of the 81st/218th Judicial District Court for said County, upon their oaths present in and to said Court, that on or about the 30th day of October 2016, and before the presentment of this indictment, in the County and State aforesaid **Marcelino Estrada** (hereinafter styled Defendant), did then and there:
>
> then and there [sic] recklessly cause the death of an individual, namely, Stephen Willey, by restraining Stephen Willey and depriving him of oxygen.
>
> AGAINST THE PEACE AND DIGNITY OF THE STATE.

On January 11, 2019, Estrada filed a motion to quash the indictment. Voir dire began on September 23, 2019. After voir dire, the trial court denied Estrada's motion to quash. On October 1, 2019, after a six-day trial, the jury convicted Estrada of manslaughter. The trial court assessed Estrada's punishment at fifteen years confinement. This appeal followed.

STANDARD OF REVIEW

We review a trial court's decision on a motion to quash an indictment de novo because the sufficiency of a charging instrument is a question of law. *State v. Rosseau*, 396 S.W.3d 550, 555

n.6 (Tex. Crim. App. 2013) (citing *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010)); *State v. Castorena*, 486 S.W.3d 630, 632 (Tex. App.—San Antonio 2016, no pet.).

In all criminal prosecutions, the defendant has the right to demand the nature of the cause of action against him, and to have a copy thereof. TEX. CONST. art. 1, § 10; *State v. Mays*, 967 S.W.2d 404, 405 (Tex. Crim. App. 1998). While an indictment does not need to allege facts that are merely evidentiary in nature, where the State charges the accused acted recklessly in the commission of an offense, as here, the indictment must also "allege, with reasonable certainty, the act or acts relied upon to constitute recklessness." *Smith*, 309 S.W.3d at 14; TEX. CODE CRIM. PROC. art. 21.15. A person commits the offense of manslaughter if he recklessly causes the death of an individual. TEX. PENAL CODE § 19.04.

An indictment is sufficient so long as (1) it confers jurisdiction on the trial court to pronounce judgment and (2) an ordinary person can understand what it means and what the offense is. TEX. CODE CRIM. PROC. art. 21.11. An indictment must be specific enough for the defendant to prepare a defense, and the sufficiency of the indictment will be tested on its own terms—"in a vacuum, so to speak." *Adams v. State*, 707 S.W.2d 900, 901 (Tex. Crim. App. 1986). We engage in a two-step inquiry. *See Adams*, 707 S.W.2d at 903.

We first assess whether the indictment failed to convey some requisite item of "notice." *Id.* When recklessness is an element of the offense, the indictment must "allege the *circumstances* of the act which indicate that the defendant acted in a reckless manner." *State v. Rodriguez*, 339 S.W.3d 680, 685 (Tex. Crim. App. 2011) (emphasis in original). Alternatively, "[a]n alleged inherently reckless act satisfies the requirements of article 21.15." *Tata v. State*, 446 S.W.3d 456, 463 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Smith*, 309 S.W.3d at 16). If the indictment provides sufficient notice, our inquiry ends. *Adams*, 707 S.W.2d at 903.

If the indictment does not provide sufficient notice, we next decide whether, in the context of the case, the failure impacted the defendant's ability to prepare a defense, and, if so, how great an impact. *Id.* That is, we review the record for prejudice to appellant's substantial rights. *Id.*

### ANALYSIS

Our sufficiency review is limited to the face of the indictment. *Id.* at 901. Here, the indictment charged that Estrada "recklessly cause[d] the death of an individual, namely, Stephen Willey, by restraining Stephen Willey and depriving him of oxygen." This language satisfies the State's burden to allege both an act and the circumstances indicating recklessness: Estrada's *act* is restraining Willey; the *circumstances* of that act indicating recklessness are that Estrada undertook such restraint in a manner that deprived Willey of oxygen, resulting in his death. *See Rodriguez*, 339 S.W.3d at 685. An ordinary person would understand the indictment to mean that, by depriving Willey of oxygen, Estrada's restraint recklessly caused Willey's death. *See* TEX. CODE CRIM. PROC. art. 21.11. The State was not required to allege additional evidentiary facts, such as the specific method of restraint or the duration of the restraint. *See Smith*, 309 S.W.3d at 14.

Moreover, restraining a person in a way that deprives him of oxygen is an inherently reckless act. *See Tata*, 446 S.W.3d at 463. We disagree with Estrada's assertion that "every day scenarios" demonstrate that restraining a person in a way that deprives him of oxygen is not inherently reckless. Hindering or restricting a person's ability to breathe freely is not the same as *depriving* a person of oxygen; deprivation entails a complete withholding or removal.[1] Because

---

[1] *See, e.g.*, *Deprivation*, *Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/deprivation ("1: the state of being kept from possessing, enjoying, or using something **:** the state of being deprived **:** PRIVATION; 2: an act or instance of withholding or taking something away from someone or something **:** an act or instance of depriving **:** LOSS . . . the hazards of oxygen *deprivation*") (emphasis in original) (last visited June 9, 2021); *Deprive*, *Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/deprive ("1: to take something away from . . . the risk of injury when the brain is *deprived* of oxygen") (emphasis in original) (last visited June 9, 2021); *Deprivation*, *Black's Law Dictionary* (11th ed. 2019) ("1. An act of taking away <deprivation of property>. 2. A withholding of something that one needs, esp. in order to be healthy <deprivation of food>. 3. The quality, state, or condition of being without something that is necessary <sleep deprivation>").

restraining a person in a way that deprives him of oxygen is inherently reckless, the indictment facially satisfies the requirements of article 21.15.

Having found the indictment facially sufficient, our inquiry ends, and we need not address prejudice. *See Adams*, 707 S.W.2d at 903. We overrule Estrada's sole issue. The judgment is affirmed.

Lori I. Valenzuela, Justice

PUBLISH