**Mark Hudson PORCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–87–012–CR.**

Court of Appeals of Texas,
Austin.

May 18, 1988.

On Motion for Rehearing Aug. 10, 1988.

Paul A. Finley, New Braunfels, for appellant.

William L. Schroeder, Dist. Atty., R. Bruce Boyer, Asst. Dist. Atty., New Braunfels, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Mark Hudson Porch appeals from a judgment of conviction for the offense of burglary of a habitation. Tex.Pen.Code Ann. § 30.02(a)(3) (1974). Pursuant to a plea bargain the district court assessed punishment at eighteen years confinement in the Texas Department of Corrections. Porch appeals adverse rulings on three written motions. We will affirm the judgment.

Porch contends in his first point that the district court erred in overruling his Motion for Discharge for Failure to Afford a Speedy Trial.

Porch's speedy-trial argument is solely based on Tex.Code Cr.P.Ann. art. 32A.02 (Supp.1988) (the "Speedy Trial Act"). The Speedy Trial Act has been held unconstitutional and cannot provide a basis for any relief. *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987); *Robinson v. State*, 739 S.W.2d 795, 797 (Tex.Cr.App. 1987). Porch's first point is overruled.

Porch contends in his second point that the district court erred in overruling his First Amended Motion to Suppress. We conclude if such error occurred it was harmless.

The motion to suppress attacks the legality of the arrest and search of Porch on April 30, 1986, by the San Antonio Police Department. During this search pawn tickets and a credit card in the name of A. Richard Rowe, III, were found on Porch. It was the burglary of Mr. Rowe's home for which Porch was convicted. Porch apparently contends that if the pawn tickets and credit card are suppressed, his conviction must be reversed because there will be insufficient evidence to corroborate the only other evidence against him—the testimony of his accomplice Jill Morgan Dinger. Tex.Code Cr.P.Ann. art. 38.14 (1979).

Porch was arrested and searched again on May 2, 1986, however. In that search another credit card bearing the name A. Richard Rowe, III, was found on Porch. The motion to suppress does not attack this second search. The possession of the second credit card sufficiently corroborates Morgan's testimony to sustain Porch's conviction. *Williams v. State*, 104 Tex.Cr.R. 55, 282 S.W. 228, 229 (1926). Porch's second point is overruled.

Porch contends in his third point that the trial court erred in overruling his First Amended Motion to Quash Indictment. This point of error is waived, however, because Porch did not obtain a ruling by the district court. Tex.R.App.P.Ann. 52(a) (Pamp.1988).

The judgment of conviction is affirmed.

## ON MOTION FOR REHEARING

In our original opinion we held any error in overruling Porch's First Amended Motion to Quash Indictment was waived by Porch's failure to obtain a ruling on the motion by the district court. In his motion for rehearing Porch correctly points out that he did obtain a ruling on his motion and that ruling was filed in this Court through a supplemental transcript. We will address the merits of Porch's point of error concerning the overruling of his motion to quash and we will affirm the conviction.

■ The indictment, in alternative counts, charges Porch burglarized the homes of Paul Stephen Able and Alfred R. Rowe, III. The indictment charges Porch burglarized both homes by entering with the intent to commit theft and by entering and committing theft. Tex.Pen.Code Ann. § 30.02(a)(1) and (3) (1974). Porch's motion to quash requests the indictment be quashed because the indictment fails to give notice of what property Porch allegedly stole when he burglarized these homes.

Our analysis of indictment-notice errors is controlled by *Adams v. State,* 707 S.W.2d 900 (Tex.Cr.App.1986).

> "The important question is whether a defendant had notice adequate to prepare his defense. The first step in answering this question is to decide whether the charging instrument failed to convey some requisite item of 'notice.' If sufficient notice is given, this ends our inquiry. If not, the next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact."

*Id.* at 903.

In answering the first question, Porch relies on the Court of Criminal Appeals' holding that in prosecutions for burglary alleging attempted theft or theft, § 30.02(a)(3), the State must, upon timely filed written motion, provide a description of the property allegedly stolen or attempted to be stolen. *DeVaughn v. State,* 749 S.W.2d 62, 71 (Tex.Cr.App.1988). The *De-*

*Vaughn* decision stressed that alleging theft or attempted theft supplanted the need to charge a requisite mental state and, consequently, describing the property stolen or attempted to be stolen was necessary. *Id.* By implication, and practicality, if it is alleged the accused intended to commit theft, § 30.02(a)(1) and (2), no description of the property intended to be stolen is necessary. *Id.; see Ortega v. State* 668 S.W.2d 701 (Tex.Cr.App.1983).

The record shows that Porch pleaded guilty generally to that part of the indictment charging the Rowe burglary. As stated above, the indictment charges Porch burglarized the Rowe home by entering with the intent to commit theft and by entering and committing theft. Because Porch pleaded guilty to entering the Rowe home with the *intent* to commit theft, he was not entitled to notice under *DeVaughn* and our inquiry under *Adams* is ended.

■ Assuming, however, that Porch was entitled to notice under *DeVaughn,* we must determine whether the deprivation of such notice hindered Porch's ability to prepare a defense, and if so, to what extent. Porch has not attempted to show this Court how his ability to prepare a defense was affected by the State's failure to describe the property allegedly stolen during the Rowe burglary. Our ability to determine such impact is hampered by the fact that Porch pleaded guilty and did not defend on the merits. The record does reveal, however, that Porch's chief "defenses" were a motion to dismiss for lack of a speedy trial and a motion to suppress.

The motion to suppress focused on a credit card in the name of Alfred R. Rowe, III. It appears that Porch desired the credit card be suppressed so the State would not be able to corroborate the testimony of the accomplice witness—Jill Morgan Dinger. Porch was arrested in possession of other stolen property, but we do not know whether this property was connected with the Rowe burglary. Porch's motions for discovery and inspection of all tangible items seized from him at any time, and for identification and examination of seized evi-

dence including but not limited to the credit card, were granted. Consequently, Porch should have been aware of the property that could have been used to convict him and there is no evidence in the record suggesting any distinction in this property such that any election by the State to use one item or the other would have affected Porch's ability to prepare a defense. We conclude Porch has failed to meet his burden of showing a notice defect and some consequential impact on his ability to prepare a defense. The point of error is overruled.

The judgment of conviction is affirmed.