**Lernard DeVAUGHN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–83–00094–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 19, 1988.

Mark Stevens, San Antonio, for appellant.

Sam Millsap, Jr., Former Criminal Dist. Atty., Fred G. Rodriguez, Criminal Dist. Atty., Edwin E. Springer, Edward Coffey, Edward Shaughnessy, III, San Antonio, for appellee.

Before CADENA, C.J., and CANTU, and CHAPA, JJ.

## OPINION

CANTU, Justice.

On August 15, 1984 this court upheld appellant's contention that the trial court had erred by failing to sustain Paragraph III of his Motion to quash the indictment.

The indictment alleged, in pertinent part:

... on or about the 7th day of August, A.D., 1982, Lernard DeVaughn did then and there intentionally and knowingly enter a habitation which is located in the general vicinity of the 7400 block of Hidden Oak, Live Oak, Bexar County, Texas, and therein attempted to commit and committed theft, without the effective consent of Joyce Ernest, the owner of said habitation; ...

We agreed that upon timely request, appellant was entitled to have pleaded in the indictment certain factual elaborations sought by his motion to quash. The judgment of the trial court was reversed and the cause was remanded for new trial. *DeVaughn v. State,* 678 S.W.2d 143 (Tex.App. —San Antonio 1984), *rev'd by,* 749 S.W.2d 62 (Tex.Crim.App.1988). The State then sought and obtained discretionary review from the Court of Criminal Appeals.

That court, in an opinion delivered on April 13, 1988, agreed with our conclusion regarding notice requirements triggered by the filing of a timely Motion to Quash seeking more particularized pleadings. *See DeVaughn v. State,* 749 S.W.2d 62 (Tex. Crim.App.1988) (en banc).

However, the Court of Criminal Appeals, while acknowledging that we were correct in finding that the trial court had erred by failing to respond to Appellant's Motion to Quash, nevertheless, has reversed our judgment and remanded the cause back to this court so that we may perform the harm analysis espoused in *Adams v. State,* 707 S.W.2d 900 (Tex.Crim.App.1986) (en banc). To that end we now turn our attention.

*Adams, supra,* teaches us that a failure to provide proper notice in a charging instrument may be error but may not require reversal unless that error also affected the accused's ability to prepare a defense and prejudiced his substantial rights. 707 S.W. 2d at 903–04. Thus, we must apply a three-prong test before we may conclude that reversal is in order. First, we must decide whether the appellant had notice adequate to prepare his defense. If we find that he received sufficient notice, our inquiry is over. But if we find he did not,

then we must decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense. Finally, we must determine how great an impact the lack of notice had on the defense. *Adams, supra* at 903.

■ We have already taken the first step. The Court of Criminal Appeals has agreed with our finding that appellant did not, from the face of the indictment, receive sufficient notice to allow adequate preparation of his defense and that appellant was entitled to more particularized pleadings.

We move on to the second and third prongs: whether in the context of the case, the failure of notice in the indictment had an impact on appellant's ability to prepare a defense, and if so, how great an impact. In answering the second and third questions [if an answer be necessary for the third question], we begin by examining the entire record. We need not lay out the facts of the case inasmuch as Judge Teague has already done a masterful job in his concurring and dissenting opinion. *See DeVaughn v. State,* 749 S.W.2d 62, 71–73, *supra.* We adopt the recitation of these facts and conclude as he does that evidence of guilt is more than amply evident from the evidence adduced against appellant.

The complaint advanced by appellant was that he was entitled to know before being put to trial the nature of the property which was allegedly taken or attempted to be taken during the alleged burglary and the name of the individual from whom he allegedly appropriated or attempted to appropriate the property.

We conclude that appellant was not harmed by the court's denial of his Motion to Quash; that is, the lack of more particularized pleading did not have an impact on his ability to prepare a defense.

As we recognized in our original opinion, appellant was arrested for the instant offense on August 9, 1982. He was appointed an investigator on December 13, 1982 to investigate the case. Additionally appellant sought and received a 60–day continuance for the purpose of investigating the case. Appellant also filed discovery and suppression motions which were heard on February 14, 1983.[1] Moreover, the record reflects that appellant's counsel had full discovery and access to the entire State's file prior to trial on the merits. In addition, appellant had the benefit of a hearing on his motion to suppress his confession. Although the confession was successfully suppressed, the contents of the written statement reveal that appellant had knowledge of the very things he sought by particularized pleadings. Therefore, we conclude that the lack of more particularized pleadings did not have an impact on his ability to prepare a defense.

In our opinion on original submission, we recognized that a defendant, by filing a timely motion to quash, is entitled to an allegation of facts sufficient to bar prosecution for the same offense. *See Miller v. State,* 647 S.W.2d 266, 267 (Tex.Crim.App. 1983) (en banc); *American Plant Food Corp. v. State,* 508 S.W.2d 598, 603 (Tex. Crim.App.1974), *appeal dism'd.,* 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795 (1975).

We further held that appellant's motion to quash entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. Our reversal then appeared to be based upon two propositions: one, that appellant was entitled to more particularized pleadings so as to afford the notice necessary to allow meaningful preparation of a defense and, two, that appellant was entitled to the certainty requirement of TEX.CODE.CRIM.PROC. ANN. art. 21.04 (Vernon 1966) to enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense. The Court of Criminal Appeals in its opinion reversing our judgment noted that our reversal included this second proposition as an alternate ground of reversal but did not comment on it further in view of the remand to

---

1. In accordance with appellant's request, the cause was reset for trial on February 14, 1983.

our court for the harm analysis in *Adams v. State.*[2]

In view of our prior holding, and because our alternate ground for reversal remained unaffected by the Court of Criminal Appeals' review, we would normally reverse and remand to the trial court in spite of finding no harm to appellant from the court's failure to respond to the notice request. However, we have reassessed our prior position after once again reviewing the record.

■ The record reveals that the Motion to Quash filed by appellant addressed only the failure of the indictment to provide adequate notice from which to prepare his defense. *See* TEX.CODE CRIM.PROC. ANN. art. 21.11 (Vernon 1966). Nowhere in the motion does appellant contend that the indictment lacks the certainty as will enable him to plead the judgment that may be given upon it in bar of any prosecution for the same offense. TEX.CODE CRIM. PROC.ANN. art. 21.04 (Vernon 1966). In fact such contention was never raised in appellant's original brief nor argued before this court on original submission. It appears that the contention was raised for the first time in *Appellant's post-submission Letter Brief* wherein it was stated:

Appellant failed, however, to point out that in addition to lack of notice, harm can arise from the failure of an indictment to be certain enough to "enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense". TEX.CODE CRIM.PROC.ANN. art. 21.04.

In *American Plant Food Corp. v. State, supra* the Court of Criminal Appeals, in discussing defects of substance and of form in charging instruments, stated:

The last two requirements stated in *Terry* [*Terry v. State*, 471 S.W.2d 848 (Tex.Crim.App.1971)], that the State's pleading must allege facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give the defendant notice of precisely what he is charged with, though relating to the substance of the charge in one sense, are, in contemplation of exceptions under Articles 27.08 and 27.09 *supra*, grounds for an exception to the form under Articles 27.09(2) and 21.21(7), and not for an exception to the substance under Article 27.08(1). Clearly any such defect would not render the information void or insufficient to support a conviction ...

\* \* \* \* \* \*

We think the observations made there with respect to an exception for duplicity apply with equal logic to an exception for failure to give notice of precisely what the defendant is charged with and failure to allege sufficient facts to bar a subsequent conviction. Prior to trial any such requirements are for the defendant's convenience and may be raised, but if he goes to trial without raising any such objection, he may not urge them for the first time thereafter, since it must be presumed he has found the charge sufficient to his own satisfaction. He may not wait to see whether the jury will acquit him, and then, upon an adverse verdict, claim for the first time that he had no notice or that the charge will not bar a subsequent conviction. Only if the defect be of such a degree as to charge no offense against the law, and thereby be void, will the exception to the substance be considered for the first time on appeal under Article 27.08(1), *supra*.

508 S.W.2d at 603–04.

We were wrong in considering appellant's belated claim that the indictment failed to comply with the certainty requirements of Article 21.04. We should have rejected the claim as being untimely raised and therefore waived. *American Plant Food Corp. v. State, supra* at 604. We will treat that portion of our prior opinion as gratuitous and erroneous dicta on our part.

In view of our conclusion that the error of the trial court did not prejudice appellant

**2.** *See DeVaughn v. State*, 749 S.W.2d 62, 71 n. 9 (Tex.Crim.App.1988) (en banc) (majority opinion).

to such an extent as to deprive him of a fair trial, we now affirm the judgment of the trial court.