TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00319-CR







Herbert Earl Teague, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0971482, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING








 Appellant Hubert Earl Teague, Jr. appeals from his conviction for the offense of
burglary of a habitation. See Tex. Penal Code Ann. § 30.02(a)(3) (West 1994). The jury assessed
appellant's punishment, enhanced by prior felony convictions, at imprisonment for 45 years. 
Appellant complains that the trial court erred in refusing to require the State to provide the defense
with arrest and conviction records of the venire prior to jury selection, in refusing to charge the
jury on the lesser included offense of theft, and in refusing to quash the indictment. We will
overrule appellant's points of error and affirm the trial court's judgment.

 A brief summary of the facts is required. A duplex was burglarized and two guns,
computer equipment, jewelry, and other items were stolen. Entry was gained through a kitchen
window. Appellant's fingerprints were found on a piece of the broken window glass. A witness
saw a man running near the duplex carrying two "long guns" and other property. The witness
gave investigating officers a description of the man, of the car he drove from the scene, and the
license plate number of the car. The general description of the car and the license plate number
except for one character fit appellant's car and license plate. At trial, the witness would not
positively identify appellant as the man he had observed near the scene of the burglary, but he
testified that appellant "looks like him." Appellant pawned the two guns, a watch, and other
property taken in the burglary.

 Appellant contends that the trial court erred in failing to require the State to provide
arrest and conviction records of the venire prior to jury selection. The Court of Criminal Appeals
has consistently held that the State has no obligation to furnish defense counsel with information
on prospective jurors. See Armstrong v. State, 897 S.W.2d 361, 365 (Tex. Crim. App. 1995);
Martin v. State, 577 S.W.2d 490, 491 (Tex. Crim. App. 1997); Linebarger v. State, 469 S.W.2d
165, 167 (Tex. Crim. App. 1971); Enriquez v. State, 429 S.W.2d 141, 145 (Tex. Crim. App.
1968). The information sought is available to defense counsel on voir dire. See Tex. Code Crim.
Proc. Ann. art. 35.12 (West 1989); Linebarger, 469 S.W.2d at 167. There is nothing in this
record to show that any juror accepted after voir dire examination was not qualified to serve as
a juror. See Garcia v. State, 454 S.W.2d. 400, 404 (Tex. Crim. App. 1970). Appellant's point
of error is overruled.

 Appellant complains that the trial court erred in refusing to submit to the jury a
charge on the lesser included offense of theft by appropriation. The test to determine whether a
charge on a lesser included offense is necessary has been stated to be:  "[F]irst, the lesser included
offense must be included within the proof necessary to establish the offense charge, and second,
some evidence must exist in the record that would permit a jury rationally to find that if the
defendant is guilty, he is guilty only of the lesser offense." Rousseau v. State, 855 S.W.2d 666,
673 (Tex. Crim. App. 1993). "In applying this two-pronged test the trial court should make a
determination as to whether the evidence of the lesser offense would be sufficient for a jury
rationally to find that the defendant is guilty only of that offense, and not the greater offense." 
Id. In determining whether the trial court erred in failing to charge the jury on the lesser included
offense, all of the evidence presented by the State and the defendant must be considered. Penry
v. State, 903 S.W.2d 715, 755 (Tex. Crim. App. 1995); Havard v. State, 800 S.W.2d. 195, 216
(Tex. Crim. App. 1989). "[I]t is not enough that the jury may disbelieve crucial evidence
pertaining to the greater offense; there must be some evidence directly germane to a lesser
included offense for the fact finder to consider before an instruction on a lesser included offense
is warranted." Bignall v. State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). Merely because a
lesser included offense is included within the proof of the greater offense does not warrant a jury
charge on the lesser offense. See Jones v. State, 833 S.W.2d 118, 127 (Tex. Crim. App. 1992);
Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

 Appellant argues that the State's failure to place appellant in the house at the time
of the crime would allow the jury to believe that appellant received the stolen goods from the
actual burglar and that appellant would then be guilty of theft by appropriation only, not burglary. 
Appellant's argument is without merit because it is based on the absence of evidence and mere
speculation. There is no evidence "directly germane" to the lesser included offense that would
support the submission of the lesser included offense charge of theft by appropriation. There is
no evidence in the record that would permit a jury rationally to find that if appellant were guilty
he was guilty only of the lesser included offense of theft. The trial court did not err in refusing
to charge the jury on the lesser included offense of theft. Appellant's point of error is overruled.

 Appellant asserts that the trial court erred in refusing to quash the indictment. It
was alleged that appellant "intentionally and knowingly entered a habitation, without the effective
consent of Gordon Cooper, the owner thereof, and therein attempted to commit and committed
theft." Appellant's motion urged that the indictment should be quashed because it failed to
precisely describe the property stolen, and therefore the allegations were insufficient to enable him
to prepare his defense and to "plead this indictment in bar of future prosecution." 

 "In prosecutions for burglary under § 30.02(a)(3), . . . alleging the attempt to
commit theft and an actual completed theft, the State must, upon request therefore through a timely
filed written motion to quash the indictment, provide a description of the property allegedly stolen
or attempted to be stolen." DeVaughn v. State, 749 S.W.2d 62, 71 (Tex. Crim. App. 1988). The
failure to provide proper notice in a charging instrument is not reversible error unless the error
affected the defendant's ability to prepare his defense. See Adams v. State, 707 S.W.2d 900,
903-04 (Tex. Crim. App. 1986). Because appellant's motion to quash was denied, it is necessary
for us to determine whether the absence of the description of the property sufficiently impaired
appellant's ability to prepare his defense so as to require reversal of the judgment.

 In determining whether the absence of the description of the stolen property
impaired appellant's ability to prepare his defense, we must consider the complete record. See
Saathoff v. State, 908 S.W.2d 523, 528 (Tex. App--San Antonio 1995, no pet.); DeVaughn v.
State, 759 S.W.2d 510, 512 (Tex. App.--San Antonio 1988, no pet.); Porch v. State, 756 S.W.2d
326, 328-29 (Tex. App.--Austin 1988, no pet.).

 Appellant has made no attempt to explain how the omission of the property
description impaired his defense. Appellant simply argues that in the absence of the property
description he is entitled to reversal of the judgment. We have reviewed the record and find that
the appellant was granted extensive pretrial discovery and given an adequate opportunity to
discover what property was stolen in the burglary. The record shows that the affidavit for the
issuance of appellant's arrest warrant for the burglary of the Cooper habitation stated that:  "The
kitchen window had been pried open to gain entry and computer equipment, a rifle and a shotgun
were stolen. Officer McKalip discovered fingerprints on the kitchen window. . . . Fingerprint
specialist Thomas Pachalos positively identified [the fingerprints] as the prints of Hubert Earl
Teague, Jr."

 Appellant also argues that because of the omission of the description of the stolen
property in the indictment, "conceivably the State could recharge [him] for burglary of the same 
items he has been convicted of." In the unlikely event that appellant would be indicted again for
burglary based upon the items stolen in this burglary he would be protected from prosecution by
former jeopardy provisions of the federal and state constitutions. Appellant would be protected
against a second prosecution for the same offense because a person "pleading former acquittal or
conviction in this State may allege and prove the facts which show the identity of the offense
although this may not appear upon the face of the indictment or in the recitals in the judgment." 
Buchanan v. State, 506 S.W.2d 236, 237-38 (Tex. Crim. App. 1974); Poteet v. State, 133 S.W.2d 
581, 583 (Tex. Crim. App. 1939); Compton v. State, 289 S.W. 54, 57 (Tex. Crim. App. 1927). 
"Appellants are entitled . . . to present whatever evidence is available in order to establish their
plea of former jeopardy." Rodriguez v. State, 466 S.W.2d 788 (Tex. Crim. App. 1971); see also
Satterwhite v. State, 505 S.W.2d 870, 871 (Tex. Crim. App. 1974); Ferrell v. State, 928 S.W.2d
471, 473 (Tex. App.--Fort Worth 1998, no pet.). We overrule appellant's point of error.

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally*

Affirmed

Filed: April 29, 1999

Do Not Publish











* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



or attempted to be stolen." DeVaughn v. State, 749 S.W.2d 62, 71 (Tex. Crim. App. 1988). The
failure to provide proper notice in a charging instrument is not reversible error unless the error
affected the defendant's ability to prepare his defense. See Adams v. State, 707 S.W.2d 900,
903-04 (Tex. Crim. App. 1986). Because appellant's motion to quash was denied, it is necessary
for us to determine whether the absence of the description of the property sufficiently impaired
appellant's ability to prepare his defense so as to require reversal of the judgment.

 In determining whether the absence of the description of the stolen property
impaired appellant's ability to prepare his defense, we must consider the complete record. See
Saathoff v. State, 908 S.W.2d 523, 528 (Tex. App--San Antonio 1995, no pet.); DeVaughn v.
State, 759 S.W.2d 510, 512 (Tex. App.--San Antonio 1988, no pet.); Porch v. State, 756 S.W.2d
326, 328-29 (Tex. App.--Austin 1988, no pet.).

 Appellant has made no attempt to explain how the omission of the property
description impaired his defense. Appellant simply argues that in the absence of the property
description he is entitled to reversal of the judgment. We have reviewed the record and find that
the appellant was granted extensive p