TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00410-CR







Larry Reeves, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 98-439-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







Appellant Larry Reeves pleaded guilty to theft of property valued at more than
$200,000. See Tex. Penal Code Ann. § 31.03(a), (e)(7) (West Supp. 2000). The court adjudged
him guilty and assessed punishment at imprisonment for twenty-five years. We will affirm.

Each of appellant's points of error complains, at least in part, that his trial counsel
did not render effective assistance. To prevail on a claim of ineffective assistance of counsel, an
appellant must show that counsel made such serious errors that he was not functioning effectively
as counsel and that these errors prejudiced the appellant's defense to such a degree that he was
deprived of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v.
State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985);
O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). In reviewing a claim
of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within
the wide range of reasonable professional assistance. See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994). Although appellant filed a motion for new trial and obtained a hearing
thereon, the effectiveness of trial counsel was not raised.

Appellant's first point of error is that his trial counsel was ineffective because he
did not move to sever this cause from that of appellant's codefendant. Given the silent record,
appellant has not overcome the presumption that this was reasonable trial strategy. See Thompson
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Contrary to appellant's argument in his
brief, the trial record does not reflect that appellant was harmed by the absence of a severance. 
Point of error one is overruled.

Appellant's second point of error is multifarious. First, he complains that the
indictment did not adequately describe the stolen property. The indictment alleged that appellant
stole "500 memory modules." Appellant filed a motion to quash asking for a more detailed
description. The motion was overruled. In light of appellant's subsequent plea of guilty, any
error in overruling the motion to quash did not impair appellant's defense. See Porch v. State,
756 S.W.2d 326, 328 (Tex. App.--Austin 1988, no pet.).

Appellant further complains that this trial attorney was ineffective because he did
not adequately investigate the facts and prepare for trial, and because he did not competently
advise appellant regarding the plea of guilty. Appellant adds that, as a consequence of counsel's
ineffectiveness, his guilty plea was involuntary. Once again, appellant's allegations regarding
counsel's performance are not supported by the record and he cannot overcome the presumption
that counsel rendered reasonable assistance. Point of error two is overruled.

Appellant's third point of error is that trial counsel abandoned him by failing to
give notice of appeal. The record reflects that appellant filed a pro se notice of appeal, after
which a new attorney was appointed to represent him. Later, appellant moved to dismiss counsel
and to represent himself on appeal. This motion was granted after a hearing at which appellant
was properly admonished. Whatever the reason for trial counsel's failure to file a notice of
appeal, appellant was neither denied an appeal nor denied counsel on appeal. Point of error three
is overruled.

The judgment of conviction is affirmed.



 


 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: June 22, 2000

Do Not Publish



e: 11pt">
NO. 98-439-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







Appellant Larry Reeves pleaded guilty to theft of property valued at more than
$200,000. See Tex. Penal Code Ann. § 31.03(a), (e)(7) (West Supp. 2000). The court adjudged
him guilty and assessed punishment at imprisonment for twenty-five years. We will affirm.

Each of appellant's points of error complains, at least in part, that his trial counsel
did not render effective assistance. To prevail on a claim of ineffective assistance of counsel, an
appellant must show that counsel made such serious errors that he was not functioning effectively
as counsel and that these errors prejudiced the appellant's defense to such a degree that he was
deprived of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v.
State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985);
O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). In reviewing a claim
of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within
the wide range of reasonable professional assistance. See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994). Although appellant filed a motion for new trial and obtained a hearing
thereon, the effectiveness of trial counsel was not raised.

Appellant's first point of error is that his trial counsel was ineffective because he
did not move to sever this cause from that of appellant's codefendant. Given the silent record,
appellant has not overcome the presumption that this was reasonable trial strategy. See Thompson
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Contrary to appellant's argument in his
brief, the trial record does not reflect that appellant was harmed by the absence of a severance. 
Point of error one is overruled.

Appellant's second point of error is multifarious. First, he complains that the
indictment did not adequately describe the stolen property. The indictment alleged that appellant
stole "500 memory modules." Appellant filed a motion to quash asking for a more detailed
description. The motion was overruled. In light of appellant's subsequent plea of guilty, any
error in overruling the motion to quash did not impair appellant's defense. See Porch v. State,
756 S.W.2d 326, 328 (Tex. App.--Austin 1988, no pet.).

Appellant further complains that this trial attorney was ineffective because he did
not adequately investigate the facts and prepare for trial, and because he did not competently
advise appellant regarding the plea of guilty. Appellant adds that, as a consequence of counsel's
ineffectiveness, his guilty plea was involuntary. Once again, appellant's allegations regarding
counsel's performance are not supported by the record and he cannot overcome the presumption
that counsel rendered reasonable assistance. Point of error two is overruled.

Appellant's third point of error is that trial counsel abandoned him by failing to
give notice of appeal. The record reflects that appellant filed a pro se notice of appeal, after
which a new attorney was appointed to represent him. Later, appellant moved to dism