Jesus De La CRUZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–85–533–CR.

Court of Appeals of Texas,
Corpus Christi.

Sept. 18, 1986.

Juan Jose Martinez, Brownsville, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before DORSEY, UTTER and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Appellant was convicted by a jury of aggravated assault. Punishment was assessed by the jury at seven years in the Texas Department of Corrections and a $5,000.00 fine.

Appellant's sole ground of error contends that the trial court erred in refusing to grant his motion to quash the indictment. Appellant argues that the indictment did not give him adequate notice of the offense charged because it failed to specify which of two defendants struck the jailer with his fists.

The indictment provides, in pertinent part, that "Ricardo Rubio and Jesus De La Cruz hereinafter called Defendants ... did then and there unlawfully, intentionally and knowingly cause bodily injury to ROBERTO PEREZ, a jailer employed at a municipal jail, then and there engaged in the lawful discharge of an official duty, BY STRIKING THE SAID JAILER WITH HIS FISTS, the Defendant then and there knowing that the person assaulted was a jailer...."

■ An indictment must allege facts sufficient to give the defendant notice of the particular offense charged. *Castillo v. State*, 689 S.W.2d 443 (Tex.Crim.App.1984).

In determining the sufficiency of an indictment to give adequate notice, the appellate court must examine the charging instrument from the perspective of the accused, based on the facts alleged in the instrument itself. *Adams v. State*, 707 S.W.2d 900, 901 (Tex.Crim.App.1986). "If sufficient notice is given, this ends our inquiry. If not, the next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact." *Id.* at 903.

■ The elements of aggravated assault of a jailer are (1) a person, (2) causes bodily injury, (3) to a jailer employed at a municipal or county jail, (4) when the person knows or has been informed the person assaulted is a jailer, (5) while the jailer is lawfully discharging an official duty. TEX.PENAL CODE ANN. § 22.02(a)(2)(A) (Vernon Supp.1986). These elements were alleged in the indictment as having been committed by both defendants, "by STRIKING THE SAID JAILER WITH HIS FISTS...." The indictment is ambiguous as to whose fists "his" refers to: appellant's fists, Rubio's fists, both appellant's and Rubio's fists, or the jailer's fists.

■ However, an insufficiency in an indictment which is a defect of form will not require the reversal of the judgment unless it prejudices the substantial rights of the defendant. *Adams v. State*, 669 S.W.2d 339, 342 (Tex.App.—Corpus Christi), *aff'd*, 707 S.W.2d 900 (Tex.Crim.App.1986); TEX. CODE CRIM.PROC.ANN. art. 21.19 (Vernon 1966).

We must review the record to determine whether, "in the context of the case, this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact." *Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App.1986).

Appellant and co-defendant, Ricardo Rubio, were tried together before a jury, each represented by his own trial counsel. The evidence at trial revealed two versions of the incident between jailer, Roberto Perez, and the two defendants.

The State's evidence revealed that Perez had approached the drunk tank when he heard loud noises. He observed Rubio and De La Cruz beating on another inmate. Perez opened the cell door to move the injured inmate to another cell, when he was attacked by Rubio and De La Cruz. In the fracas that followed, De La Cruz struck Perez in the mouth, knocking a tooth loose.

The defensive theory presented by both appellant and Rubio was that Perez had been angered by Rubio shouting to him, requesting toilet tissue, so Perez entered the cell and beat up Rubio. Appellant and Rubio testified that they had not hit Perez and did not know how Perez's tooth was knocked loose.

■ Appellant does not explain how the defect in form in the indictment ("his fists") hindered his ability or opportunity to present his defense, which was that neither defendant had hit Perez. We have examined the record, and we find that under the circumstances of the present case, the defect in the charging instrument did not prejudice the substantial rights of the appellant. Appellant's sole ground of error is overruled.

The judgment of the trial court is affirmed.