NO. 07-10-00372-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 28, 2012

MANUEL PETRONILO ALCALA, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B18044-0905; HONORABLE EDWARD LEE SELF, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Manuel Petronilo Alcala, Jr., appeals a judgment of conviction by jury for the offense of aggravated assault,[1] and sentence of ten years incarceration in the Institutional Division of the Texas Department of Criminal Justice, and $10,000 fine. We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 22.02 (West 2011).

Background

On April 18, 2009, the Alcala family hosted a birthday party for Esperanza Alcala. After the party ended at around midnight, appellant, Petronilo Martinez, and other partygoers went to the home of Rosendo Cantu to continue the festivities. Many of those at Cantu's home, including appellant, Martinez, and Cantu, drank alcohol and began to become intoxicated.

Eventually, appellant, Martinez, and Cantu were talking together in the garage when the conversation became heated. In an attempt to defuse the tension, Cantu suggested that the men cool off by playing some pool. When Cantu turned away from appellant and Martinez, he was struck on the back of the head. Subsequently, appellant struck Cantu in the forehead causing a laceration. Appellant and Martinez left Cantu lying on the ground and bleeding.[2]

Both appellant and Martinez were indicted for the assault. Prior to appellant's trial, Martinez pled guilty to the offense. During appellant's trial, both Martinez and Cantu testified that appellant assaulted Cantu. The jury returned a verdict finding appellant guilty of aggravated assault. After hearing punishment evidence, the jury returned a verdict sentencing appellant to ten years incarceration, and a $10,000 fine. Judgment was entered by the trial court in accordance with these verdicts.

By four issues, appellant appeals. By his first issue, appellant contends that the trial court erred in denying appellant's requested jury instruction that a defendant's mere

---

[2] Appellant does not dispute that the assault caused Cantu serious bodily injuries.

presence is insufficient to corroborate an accomplice witness's testimony.  Appellant's second issue contends that the trial court's instruction that Martinez was an accomplice as a matter of law was an improper comment on the weight of the evidence.  By his third issue, appellant contends that the evidence was insufficient to support the jury's conviction of appellant.  Finally, appellant contends, by his fourth issue, that the trial court erred in denying appellant's motion to quash the indictment.

Mere Presence Instruction

By his first issue, appellant contends that the trial court erred in denying appellant a jury instruction that a defendant's mere presence is insufficient to corroborate an accomplice witness's testimony.  However, we conclude that the trial court did not err because the issue of appellant's mere presence was not raised by the evidence.

Texas Code of Criminal Procedure article 38.14 provides, "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed . . . ."  TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005).  An accomplice witness's testimony is sufficiently corroborated if, after eliminating the testimony of the accomplice from consideration, the remaining evidence is of such a character that it tends to connect the defendant to the commission of the offense.  See Edwards v. State, 427 S.W.2d 629, 632 (Tex.Crim.App. 1968).  However, a defendant's mere presence at the scene of a crime is insufficient to corroborate accomplice testimony.  Beathard v. State, 767 S.W.2d 423, 428 (Tex.Crim.App. 1989).  A defendant is entitled to an instruction that mere presence is insufficient if such an instruction is requested by the defendant and the issue is raised

3

by the evidence. Golden v. State, 851 S.W.2d 291, 295 (Tex.Crim.App. 1993). A defendant's testimony alone is sufficient to raise a defensive issue requiring an instruction in the jury charge, such as that of mere presence being insufficient to corroborate an accomplice witness. See Hayes v. State, 728 S.W.2d 804, 807 (Tex.Crim.App. 1987).

Assuming without deciding that appellant's pre-trial request for a jury instruction on mere presence was a sufficient request, the trial court did not err in denying the request because the issue was not raised by the evidence. Appellant's testimony did not raise the issue of mere presence because appellant did not testify. In addition, no other evidence raised the issue that appellant was merely present at the scene of the assault. In fact, the record includes the testimony of Cantu, the victim, that appellant hit him in the forehead with a beer bottle. Clearly, Cantu's testimony is of such a character that it tends to connect appellant to the commission of the offense. See Edwards, 427 S.W.2d at 632. We conclude that the evidence did not raise the issue of mere presence and, as such, the trial court did not err in denying appellant's request for a mere presence instruction.

Appellant's contention is premised on appellant's characterization of Cantu's "memory of the events surrounding the assault [being] clouded." While Cantu did testify to some uncertainty regarding the assault immediately after getting up from the assault, he also testified that he knew, even then, that he had been assaulted by appellant and Martinez. We conclude that Cantu's testimony is sufficient to corroborate the accomplice witness testimony of Martinez, and that the evidence did not raise the

4

defensive issue of appellant's mere presence. As such, the trial court did not err in denying appellant's requested instruction. Accordingly, we overrule appellant's first issue.

Instruction that Martinez was Accomplice as a Matter of Law

By his second issue, appellant contends that the trial court's accomplice witness instruction in the jury charge constituted an improper comment on the weight of the evidence. Appellant's issue focuses on that portion of the instruction that reads, "If an offense was committed, the witness, Petronilo Martinez, is an accomplice . . . ." Appellant argues that this instruction told the jury that appellant was an accomplice of a person who had already pleaded guilty to the assault and, thus, presupposes appellant's criminal responsibility for the assault.

However, as the State correctly indicates, the instruction did not tell the jury that appellant was an accomplice of Martinez. Rather, it provided that, if the jury found that appellant committed the assault, then Martinez was an accomplice whose testimony must be corroborated by other evidence to support a conviction. When the evidence is clear that a witness is an accomplice witness as a matter of law, the trial court must so instruct the jury. See Blake v. State, 971 S.W.2d 451, 455 (Tex.Crim.App. 1998). When a witness is indicted for the same offense and testifies for the State against an accused, the witness is an accomplice witness as a matter of law. East v. State, 702 S.W.2d 606, 616 (Tex.Crim.App. 1985).

Here, Martinez was indicted for, and pled guilty to, committing the assault on Cantu. Further, he testified for the State against appellant. As such, the trial court was

5

obligated to instruct the jury that, if it found that appellant committed the assault, Martinez was an accomplice witness whose testimony had to be corroborated by other evidence. As such, we conclude that the trial court did not comment on the weight of the evidence by its instruction, and we overrule appellant's second issue.

## Sufficiency of the Evidence

By his third issue, appellant contends that the evidence of appellant's guilt is insufficient to support his conviction. Appellant premises this contention on his argument that Cantu's testimony was "inconclusive" regarding appellant's involvement in the assault, and that Martinez's testimony was not sufficiently corroborated.

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson." Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See id. at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in Watson v. State, 204 S.W.3d

6

404, 448–50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899.

As addressed above, while Cantu's recollection of the specific details of the assault was uncertain, the one fact upon which Cantu was certain was that both appellant and Martinez had assaulted him. Further, we have previously determined that Martinez's testimony, which directly inculpated appellant, was sufficiently corroborated by Cantu's testimony.[3] Reviewing all of the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found that appellant was guilty of aggravated assault beyond a reasonable doubt. As such, we overrule appellant's third issue.

Motion to Quash the Indictment

By his fourth issue, appellant contends that the trial court erred in denying appellant's pre-trial motion to quash the indictment for its failure to allege the manner and means of the assault. The State concedes that the trial court erred in denying the motion. However, the parties disagree regarding the effect of this error. Appellant conclusorily contends that this error requires reversal. The State, however, contends that the error is not reversible because it did not affect appellant's substantial rights.

---

[3] However, even if we had determined that Martinez's testimony was improperly admitted, for purposes of review of the sufficiency of the evidence, we are required to review all of the evidence presented at trial, including any improperly admitted evidence. See Green v. State, 893 S.W.2d 536, 538 (Tex.Crim.App. 1995).

7

We agree with the parties that the trial court erred in denying appellant's motion to quash because the indictment should have specified the manner or means used by appellant to commit the offense of aggravated assault. See State v. Barbernell, 257 S.W.3d 248, 251 (Tex.Crim.App. 2008) ("if the prohibited conduct is statutorily defined to include more than one manner or means of commission, the State must, upon timely request, allege the particular manner or means it seeks to establish."). However, if the indictment is found to be deficient in providing sufficient notice, the reviewing court must then determine whether, in the context of the case, the error had an impact on the defendant's ability to prepare a defense. See Adams v. State, 707 S.W.2d 900, 903 (Tex.Crim.App. 1986). Even defects of substance contained within an indictment are reversible only if the error is shown to have affected appellant's substantial rights. See Mercier v. State, 322 S.W.3d 258, 264 (Tex.Crim.App. 2010) (applying nonconstitutional harm standard of Texas Rule of Appellate Procedure 44.2(b) to review of substantively defective indictments).

In the present case, the indictment alleges that on or about April 19, 2009, appellant did "intentionally, knowingly, or recklessly cause serious bodily injury to Rosendo Cantu, by striking him . . . ." The indictment does not allege the manner or means by which appellant struck Cantu. However, appellant's defensive theory was that he did not strike Cantu in any manner and that the assault was committed by Martinez alone. Appellant does not explain how the defect in the indictment hindered his ability to present a defense. Having reviewed the record, we conclude that the defect in the indictment did not prejudice appellant's substantial rights to prepare his defense. See De La Cruz v. State, 716 S.W.2d 743, 745 (Tex.App.—Corpus Christi

1986, no pet.).   Finding no reversible harm in the trial court's erroneous denial of appellant's motion to quash, we overrule appellant's fourth issue.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.